# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF RHODE ISLAND

**UNITED STATES OF AMERICA**

06-41T

**vs.** **CR NO. 06-00401-01T**

**WILDIN RODRIGUEZ-MATOS**
**a/k/a Hector Matos, Angel Febles**

## DEFENDANT'S SENTENCING MEMORANDUM AND PROPOSED STATEMENT OF REASONS PURSUANT TO 18 U.S.C. § 3553 (c) FOR SENTENCE BELOW GUIDELINE RANGE

On June 9, 2006, the Defendant appeared before the Court and pled guilty to two counts of an indictment charging the Defendant with Count 1, Reentry after Deportation and Count 2, False Statements in Application for a Passport.

**ARGUMENT:**

Under the Supreme Court's decision in ***United States v. Booker***, 543 U.S. _____ (2005), the sentencing guidelines no longer are binding on the court. Instead, the court should look to 18 U.S.C. § 3553(a), and impose a sentence which is "sufficient but not greater than necessary" to achieve the four purposes of sentencing set forth in § 3553(a)(2).

*The purposes of sentencing, as set forth in 18 U.S.C. § 3553 (a)(2), are:*

*(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;*

*(B) to afford adequate deterrence to criminal conduct;*

*(C) to protect the public from further crimes of the defendant; and*

*(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.*

The overriding principle of 3553(a) that guides the court's evaluation of an appropriate sentence is a limiting one: the court must impose a sentence that is "sufficient, but not greater than necessary" to satisfy the statutory goals of sentencing. ***Id.*** The factors include the 1) "nature and circumstances of the offenses, and the history and characteristics" of the Defendant, 2) the need for the sentence to reflect the severity of the offense, deterrence, to protect the public, and to provide the Defendant with educational, vocational and correctional treatment in the most effective manner, (A-D), 3) the kinds of sentences available, 4) the sentencing guideline range, 5) the sentencing policy statements, 6) the need to avoid unwarranted sentence disparity, and 7) the need to provide restitution. ***Id.***

The Defendant submits that he has fully and unequivocally accepted responsibility for his actions. He came back to the United States in order to be reunited with his family. As of the date of sentencing, the Defendant will have been incarcerated for a period of nearly seven months. According to probation, the guidelines call for a total period of incarceration of 18 to 24 months. (The Defendant will argue that the guideline range should be 15 to 21 months). However, this calculation is based on factors which are extremely arbitrary. For example, the Defendant has received an eight point enhancement for a prior conviction which has been classified as an "aggravated felony". An examination of this prior conviction reveals that he was convicted of mere simple possession of cocaine. The guidelines greatly exaggerate the weight placed on this conviction without considering the true nature of the conduct. Simple possession, by its very nature, has no "aggravating" component, yet the guidelines classify it as an example of the arbitrary and capricious nature of the guidelines as a whole.

The Defendant urges this court to craft a sentence that is "no greater than necessary" to satisfy the statutory goals of sentencing. The Defendant wishes to point out that he will again be deported when he is finished serving his sentence. Once again, he will be separated from his family. In addition, he has been held seven months at the Wyatt Detention Center. The Defendant submits that further imprisonment will not promote any of the goals of sentencing; rather, it simply amounts to further unnecessary punishment.

For these reasons, the Defendant submits that an appropriate sentence in this matter is a sentence of time served, followed by a term of supervised release and any other conditions which the Court deems appropriate.

Respectfully submitted,
Wildin Rodriguez-Matos
By his Attorney,

John M. Verdecchia, Esq. (#3374)
1206 Westminster Street
Providence, Rhode Island 02909
(401) 453-0700
(401) 454-5557 {fax}

**CERTIFICATION**

I hereby certify that I mailed a true copy of the with Memorandum to Terrence P. Donnelly, A.U.S.A., 50 Kennedy Plaza, 8th Floor, Providence, Rhode Island 02903 and Kristin A. Mattias, U.S. Probation Officer, 2 Exchange Terrace-3rd Floor, Providence, Rhode Island 02903 on this 27th day of October, 2006.

Tina Moretti